JUDGE SEIBEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINA NISHANIAN,

Plaintiff,

v.

GC SERVICES, LP, and DOES 1-10,

Defendant.

Civil Action No.: 09 CIV 8625

**COMPLAINT**

2009 OCT -9 PM 3:34 S.D. OF N.Y.

For this Complaint, the Plaintiff, Gina Nishanian, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Gina Nishanian ("Plaintiff"), is an adult individual residing in Garnerville, New York, in Rockland County, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, GC Services, LP ("Defendant"), is a Texas limited partnership with an address of 6330 Gulfton, Houston, TX 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GC and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff incurred a financial obligation in 2007 or 2008 in the approximate amount of $500.00 (the "Debt") to Capital One (the "Creditor") through the use of a credit card.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GC Services Engages in Harassment and Abusive Tactics

11. Defendants first contacted Plaintiff regarding the Debt in June 2009.

12. Since then, Defendants have excessively called Plaintiff. Defendants have called Plaintiff up to five times in one day.

13. Defendants call on every day of the week, including weekend days.

14. Defendants contacted Plaintiff at work and did not stop until the Plaintiff made multiple requests that she not be contacted at work.

15. Defendants placed calls to Plaintiff without disclosing their identity.

16. Defendants continued to call Plaintiff after she sent a cease and desist letter requesting that they stop contacting her.

17. Defendants asked Plaintiff to give them a check with a future payment date.

18. Defendants were rude, condescending, and would hang up the phone when Plaintiff began asking questions about her account.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff had no alternative but to disconnect her mobile phone number, thereby incurring charges which she would not have otherwise incurred, and undertook the stressful task of informing family, friends, personal contacts and business contacts of her new phone number.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA**
**15 U.S.C. § 1692, *et seq.***

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with the consumer.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f(2) in that Defendants attempted to solicit a post-dated check by more than five days, without three business days written notice of intent to deposit.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**

**VIOLATIONS OF NEW YORK GBL § 349 - ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

33. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

34. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

35. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

36. By virtue of the foregoing, Plaintiff is entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees.

**COUNT III**

**COMMON LAW FRAUD**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

39. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in their favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff her actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding Plaintiff her actual damages, trebled;

4. Against the named Defendants, jointly and severally, awarding Plaintiff recovery of her litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 2, 2009

Respectfully submitted,

By __________________________

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff